[No. 8361.  Department Two.  December 23, 1909.]

SECURITY SAVINGS SOCIETY, *Respondent*, v. SEWELL T. COLLINS, *Appellant*.[1]

PROCESS—SERVICE BY PUBLICATION—FILING SUMMONS. The original summons for publication need not be filed, but jurisdiction is conferred by the publication and proof of service, under Bal. Code, § 4882, providing that the proof of services shall consist of the affidavit of the publisher and a printed copy of the summons.

SAME—PUBLICATION—SUFFICIENCY OF SUMMONS. A summons for publication requiring the defendant to appear in the alternative within sixty days after service, or within sixty days after the first publication, which was stated, while not to be commended, sufficiently complies with Bal. Code, § 4878.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered October 13, 1908, upon findings in favor of the plaintiff, in an action to quiet title based upon a tax deed and sale. Affirmed.

*Roche & Onstine* and *F. W. Girard*, for appellant.

*Post, Avery & Higgins* and *P. C. Shine*, for respondent.

RUDKIN, C. J.—The appellant in this action attacks the validity of a tax judgment and tax sale upon two grounds; first, because the original summons for publication was not filed in the foreclosure action; and, second, because the published summons itself is defective.

(1) Bal. Code, § 4877, prescribes when service by publication may be made; the next section prescribes the form of summons and the manner of publication, and § 4882, provides that the proof of service by publication shall consist of the affidavit of certain designated persons, together with a printed copy of the summons as published. There is no requirement that the original summons shall be filed, and we

[1]Reported in 105 Pac. 1034.

cannot understand why the jurisdiction of the court should depend upon such filing. It is not the original summons, but the publication and proof of service that confers jurisdiction.

(2) The summons cited the defendants in the tax case to appear "within sixty days after the service of this notice and summons upon you, exclusive of the day of service, or within sixty days after the first publication of this notice and summons, exclusive of the day of said first publication, to wit, within sixty days after the 30th day of June, 1904." It is claimed that this summons is indefinite and uncertain because two different return days are given. First, sixty days after the date of the first publication; and, second, sixty days after the service, which means sixty days after the last publication.

It is to be regretted that attorneys cannot follow the plain language of the statute in matters of this kind, but the object of service is to notify the defendant to appear and defend, and if that object is accomplished the law is satisfied. The statute provides that the summons shall contain the date of the first publication, and shall require the defendant or defendants upon whom service by publication is desired, to appear and answer the complaint within sixty days from the date of first publication. Bal. Code, § 4878. The notice in question was manifestly intended for both personal service and service by publication. The provision requiring the defendants to appear within sixty days after the service of the notice or summons upon them refers exclusively to personal service, while the notice in the alternative as clearly refers to service by publication only. The form of summons is not to be commended, but we do not think that a person of ordinary prudence could fail to understand what was intended. If the defendant was personally served the summons clearly stated when he should appear, and if served by publication the return day was equally explicit.

We are therefore of opinion that the court had jurisdiction in the tax foreclosure proceeding, and such being the

fact the judgment must be affirmed, regardless of the question of *res judicata* discussed in the briefs.

PARKER, DUNBAR, CROW, and MOUNT, JJ., concur.